[893 NYS2d 890]

In the Matter of MATTHEW S. ABRAMOWITZ (Admitted as MATTHEW SETH ABRAMOWITZ), an Attorney, Resignor.

Second Department, February 23, 2010

**APPEARANCES OF COUNSEL**

*Kase & Drucker*, Garden City (*James D. Drucker* of counsel), for resignor.

*Gary L. Casella,* White Plains (*Eddie Still* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Matthew S. Abramowitz has submitted an affidavit dated June 19, 2009, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Abramowitz was admitted to the bar on October 31, 1984 at a term of the Appellate Division of the Supreme Court in the Second Judicial Department as Matthew Seth Abramowitz.

Mr. Abramowitz avers that his resignation is submitted freely and voluntarily after review with counsel, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Rules of the Second Department from seeking reinstatement for at least seven years.

Mr. Abramowitz is aware that he is the subject of an ongoing investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) concerning complaints that he misappropriated client funds entrusted to him as a fiduciary and failed to insure that adequate funds were on deposit for a series of checks issued from attorney operating accounts maintained incident to his practice of law.

Mr. Abramowitz also is the subject of five sua sponte complaints initiated pursuant to the dishonored check reporting rules (22 NYCRR part 1300). Those complaints allege that Mr. Abramowitz failed to comply with his fiduciary responsibilities with respect to the handling of two attorney escrow accounts maintained incident to his practice of law.

Mr. Abramowitz acknowledges his inability to defend himself against charges which would be predicated on the aforesaid allegations. Mr. Abramowitz is aware that the court, in any order permitting him to resign could require him to make monetary restitution to any person or persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Abramowitz is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the proffered resignation as the most expeditious way to conclude these

matters in order to save the Court's time and expense while protecting the public. It notes that Mr. Abramowitz appeared with counsel for an examination under oath on June 17, 2009. That examination was adjourned after Mr. Abramowitz gave sworn testimony for several hours. A second session was scheduled for June 26, 2009, but Mr. Abramowitz tendered his resignation within that interval.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Matthew S. Abramowitz, admitted as Matthew Seth Abramowitz, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew S. Abramowitz, admitted as Matthew Seth Abramowitz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Matthew S. Abramowitz, admitted as Matthew Seth Abramowitz, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew S. Abramowitz, admitted as Matthew Seth Abramowitz, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Matthew S. Abramowitz, admitted as Matthew Seth Abramowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).